Preusser & Bro. v. Henshaw.

PREUSSER & BRO. v. HENSHAW ET AL.

1. Mortgage : WHEN NOT FRAUDULENT. The execution of a mortgage to discharge an existing indebtedness, where both mortgagor and mortgagee are acting in good faith, will not be held to be fraudulent as against another creditor.

2. ———: CONSIDERATION: PARTNERSHIP. Where a wife becomes a copartner in the place of her deceased husband, the presumption will be indulged that she becomes liable for his partnership debts, and a mortgage executed therefor is sustained by a good consideration.

*Appeal from Buchanan Circuit Court.*

THURSDAY, JUNE 13.

ACTION in chancery to subject certain real estate to judgments recovered by plaintiffs, and to declare a mortgage thereon executed by one of the defendants to the other to be void, on account of the fraudulent purpose of the parties thereto to defeat plaintiffs, as the creditors of the mortgagor. There was a decree dismissing plaintiffs' petition, from which they appeal. The facts of the case are stated in the opinion.

*Bruckart & Ney,* for appellants.

*H. W. Holman,* for appellee.

BECK, J.—I. The petition shows that plaintiffs recovered a certain judgment against defendants, Jane Henshaw and C. F. Herrick, who were copartners doing business in the firm name of Herrick & Henshaw, upon indebtedness of the partnership. Prior to the recovery of the judgment defendant Henshaw executed a mortgage upon all the real estate excepting her homestead to defendant Lorenzo Moore, to secure two promissory notes given to him at the same time. The firm, it is alleged, has been dissolved and is insolvent. It is charged that the mortgage is fraudulent, having been made without consideration, and for the purpose of defeating the collection of plaintiffs' claims against the firm, and it is therefore void. It is shown that nothing has or can be made upon plaintiffs' judgment of the firm, or of the partners' other property. The answer puts in issue the allegations charging fraud, and the invalidity of the mortgage.

The facts of the case, as disclosed by the testimony, we find to be as follows:

1. In 1865 P. W. Henshaw, the husband of the defendant Jane, became indebted to Moore. In 1867 the husband and wife executed their joint notes for the balance remaining due,

being two thousand two hundred dollars. Mrs. Henshaw had property in her own right, and, prior to the execution of the mortgage in question in this suit, had paid one thousand dollars on the notes from the proceeds of her own property.

2.   The husband became a member of the firm of Herrick & Henshaw, but at what date is not shown, further than he was a copartner at the time of his death, in 1874.

3.   Upon the decease of the husband the wife took his place in the firm of Herrick & Henshaw. The mortgage in question was executed April 1, 1876. The firm of which defendant Jane was a partner was dissolved in July following.

4.   The firm was insolvent after defendant Jane withdrew from the business, and in a few days thereafter Herrick made an assignment for the benefit of his creditors. It was probably insolvent when the mortgage to Moore was executed, though it had credit, and a large part of the indebtedness to plaintiffs was incurred afterward. If insolvent the fact was not known by defendant Moore.

5.   There was no purpose on the part of either of the defendants Jane Henshaw or Moore to delay or defeat the claim of plaintiff, but the mortgage was given in good faith, for the purpose of securing the claim of Moore. The transaction is not, therefore, tainted with actual fraud.

II.   Plaintiffs' counsel insist that the note and mortgage to Moore were without consideration, and, therefore, as 2. ——: consideration: partnership. against Jane Henshaw's creditors, cannot be enforced. Let the rule of law upon which counsel base this position for the purpose of this case be admitted; but the fact upon which it is founded, the absence of consideration, is not shown by the record. It must be affirmatively established; it cannot be presumed.

The position of counsel, as to the facts, is this: The original notes executed by Jane and her husband were wholly for his debt, and were not made in relation to her separate property, nor did they purport to bind herself only, nor were they given for the expenses of the family or the education

of her children.   It is insisted that, under Revision, §§ 2506, 2507, contracts of this character, and no other, entered into during coverture, can be enforced against a married woman. This position, as to the facts and law, need not be disputed in the view we take of the case.   But it does not follow that the note and mortgage involved in this suit are without consideration, simply for the reason that the original notes, which they were given to discharge, were not binding upon the wife.   It is not shown that no other consideration entered into these last executed instruments than that upon which the first were based.   On the contrary, a further and other consideration clearly appears to have been contemplated by the parties   Mrs. Henshaw "took the place" of her husband in the firm of Herrick & Henshaw.   She paid to Moore a large part of his claim, thus acknowledging her obligation to pay it.   Surely under these circumstances we may infer that there was a consideration entering into the note and mortgage other than that for which the first notes were given.   We are authorized to infer that, by becoming a copartner in the place of her husband, she became legally liable for his debts, and for that reason executed the note and mortgage assailed as fraudulent in this action.   We are clearly of the opinion that the record fails to show that these instruments are without consideration.   These views dispose of the arguments of counsel based upon the want of consideration in the note and mortgage.

As plaintiffs have failed to show fraud in the transaction, or want of consideration, the decree of the Circuit Court dismissing the petition must be held correct.   It is, therefore,

AFFIRMED.